## STANDARD APPLIANCE CO. v. STANDARD EQUIPMENT CO.

(Circuit Court of Appeals, Sixth Circuit. March 4, 1924.)

No. 3896.

1. **Patents ⬅218(3)—Agreement held not to impose on licensee duty to pay minimum royalties for life of patent.**

A provision of an agreement whereby licensor gave to licensee an exclusive license for the 15-year remaining term of a patent and fixed the license fee per unit, providing that it is mutually agreed that, in order to keep this agreement in force, the licensee or its assigns shall pay a stated minimum yearly royalty, *held* to give to licensee an optional right to pay these minimum royalties as a condition of avoiding forfeiture by licensor, and not to impose on licensee the duty to pay them for the full life of the patent.

2. **Contracts ⬅172—Ambiguity solved in favor of mutual obligation rather than option.**

Generally an ambiguity will be solved in favor of a mutually binding obligation rather than a mere option.

3. **Landlord and tenant ⬅24(1)—Lessee's right to surrender long-term lease held not to make contract unilateral.**

In a long-term lease a right of cancellation given to lessor, or right of surrender given to lessee, to be exercised from time to time on agreed conditions, does not make the contract unilateral or in any way abnormal.

4. **Evidence ⬅21—Judicial notice taken that typical patent license is terminable at lessor's option.**

The Circuit Court of Appeals will take judicial notice that a typical, if not the typical, patent license is terminable at the option of licensor, unless the licensee pays a minimum royalty, and this payment is a privilege, not a duty.

In Error to the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by the Standard Appliance Company against the Standard Equipment Company. Judgment for plaintiff for a stated amount, and plaintiff appeals. Affirmed.

Clan Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for plaintiff in error.

T. J. Ross, of Cleveland, Ohio (J. A. Curtis, of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON and DONAHUE, Circuit Judges, and HICKENLOOPER, District Judge.

DENISON, Circuit Judge. The plaintiff in error (also plaintiff below) owned a patent covering a compressed air motor. It entered

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

into a license contract with the defendant below as licensee. This gave an exclusive license for the 15-year remaining term of the patent, and fixed the license fee per unit. It did not contain any express promise to manufacture or pay royalty upon any fixed number of motors at any time (save by a limited preliminary provision to this effect, which has become immaterial). It did not expressly provide for any forfeiture by the licensee in case of nonmanufacture or nonpayment. The provision upon which, in our judgment, the rights of the parties must turn, is in paragraph 4, which says:

"It is mutually agreed and understood that in order to keep this agreement in force the second party, or its assigns, shall pay a minimum royalty for the first year * * * for the second year * * * and for each and every year thereafter the sum of $5,000; these sums being known and designated as minimum royalties. Such minimum royalties shall apply as part payment on royalties as hereafter stipulated in paragraph 5 [which fixes the royalty per motor], which minimum royalties, as well as all other royalties, shall be payable on the 1st of January, April, July, and October of each year." ·

The specified minimum royalties were paid for the first and second years and for the first half of the third year. On the last day of December in the third year defendant gave notice that it refused to go further with the contract, and would not make more motors nor pay more royalties. This suit was brought to recover royalties due at that date, and also damages for the whole remaining period, as upon an anticipatory breach. The trial court held that the defendant's repudiation of the further contract term was within its power, and gave judgment for the $2,500 royalties then due, with interest.

[1] The doubtful question is whether paragraph 4 gave the licensee an optional right to pay these minimum royalties as a condition of avoiding forfeiture by the licensor for lack of sufficient manufacture, or imposed upon the licensee the duty to pay these minimum amounts at all events for the full life of the patent. The language is ambiguous, and we get so little help from those other parts of the contract urged upon us by each party respectively, or from the cases cited,[1] that we refrain from discussing them. Neither are we at liberty to draw any persuasive inferences from the probabilities as to contracts which business men would be likely to make or not to; the record does not show the facts which might be of aid in this particular.

The strength of plaintiff's position that the obligation was absolute is found in the argument that otherwise the licensee may by its own nonperformance justify its own repudiation. We do not fail to appreciate the force of this, but we think it is defective, in that it assumes, to start with, that the contract is of that absolute character which the argument is seeking to establish. On the contrary, the contract contains (with exceptions now immaterial) no absolute promise to manufacture even one motor, or to pay any royalty save upon those which are manufactured. There was no such promise unless it be by implication from the language of paragraph 4. This calls for the payment, not absolutely, but as one to be made by the licensee "in order to keep this agreement in force." This condition plainly implies

---

[1] Ebert v. Loewenstein, 42 App. Div. 109, 58 N. Y. Supp. 889, affirmed 167 N. Y. 577, 60 N. E. 1110, is perhaps the most pertinent in defendant's favor.

an antithesis, and indicates that, if the minimum payment is not made, the agreement may not "continue in force." In our judgment this necessarily means, and means only, that the agreement will cease to be in force, at the option of the licensor, unless the licensee manufactures and pays royalty under paragraph 5, amounting to at least $5,000.00 per year, or pays this minimum amount under paragraph 4. In no other way can we give what seems to us due effect to the phrase "in order to keep this agreement in force"; and such we think a reasonable construction reconciling all parts of the contract, and consistent with the inherently probable intent of parties in this situation.

Plaintiff gives too much force to the fact that the contract had a definite term of 15 years, and did not provide for earlier termination by the licensor. It is true that the contract had this definite term; but, except for the effect of paragraph 4, it did not carry any complete obligation for the licensee to do anything, and the argumentative force of the definite term therefore fails. Nor does the peculiar language of that clause which makes the term definite carry conviction. It is the conclusion of paragraph 5, and reads:

"It is mutually agreed that royalties shall be paid during the life of the patent," etc.

What royalties? Those earned under paragraph 5. What would be earned? None, unless there was manufacture. This brings us back to the finding that a complete obligation to pay royalties at all events exists only in paragraph 4, if at all.

[2-4] True, as a general rule, an ambiguity will be solved in favor of a mutually binding obligation, rather than of a mere option (Midland Co. v. Sargent Co. [C. C. A. 6] 281 Fed. 704, 708), but in a long-term lease a right of cancellation given to the lessor, or a right of surrender given to the lessee, to be exercised from time to time upon agreed conditions, does not make the contract unilateral nor in any way abnormal. We judicially know that a typical, if not the typical, patent license is terminable at the option of the licensor, unless the licensee pays a minimum royalty, and this payment is a privilege, not a duty. The only effect of such repudiation and notice as the licensee here gave is to make unnecessary a declaration of forfeiture by the licensor, if he elects to accept the surrender. Such notice from the licensee does not of itself end the contract to pay the agreed royalty upon all articles actually made; that continues, unless the licensor joins in the termination.

The judgment is affirmed.